In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2887

Angel Fernandez,

Petitioner-Appellant,

v.

Jerry Sternes, Warden,
Dixon Correctional Center,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 1332--Charles R. Norgle, Sr., Judge.

Submitted July 31, 2000--Decided September 21, 2000

Before Coffey, Easterbrook, and Evans, Circuit Judges.

Easterbrook, Circuit Judge. This appeal presents
another variation on the question whether time
spent pursuing state collateral remedies is
excluded from the year provided by 28 U.S.C.
sec.2244(d) for commencing a federal collateral
attack. Section 2244(d)(2) says that "time during
which a properly filed application for State
post-conviction or other collateral review with
respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this subsection." We held in
Freeman v. Page, 208 F.3d 572 (7th Cir. 2000),
that whether a petition is "properly filed"
depends on state law, so that if a state court
accepts and entertains it on the merits it has
been "properly filed" but that if the state court
rejects it as procedurally irregular it has not
been "properly filed." Accord, Webster v. Moore,
199 F.3d 1256 (11th Cir. 2000); Tinker v. Hanks,
172 F.3d 990 (7th Cir. 1999). See also Bennett v.
Artuz, 199 F.3d 116, 121-23 (2d Cir. 1999), cert.
granted, 120 S. Ct. 1669 (2000). A corollary,
recognized in Jefferson v. Welborn, No. 99-2337
(7th Cir. June 29, 2000), is that a petition that
fails to comply with state procedural
requirements is still "properly filed" if the
state accepts it and issues a decision on the
merits. Jefferson applies to sec.2244(d) the
approach that Harris v. Reed, 489 U.S. 255

(1989), announces for determining when a procedural default under state law forecloses federal relief on collateral attack: if the state enforces its procedural rules and deems the claim forfeited, then federal review is barred; if the state excuses a default, then federal review is proper. Harris added that, if the state's decision rests on both a procedural default and a lack of merit, then federal review is foreclosed, provided the finding of default is clear. Id. at 264 n.10. Freeman and Jefferson, in conjunction with Harris, provide a straightforward rule for identifying "properly filed" petitions. Today's case presents the question: what is the period "during which" a petition was pending, when it became "properly filed" because the state court excused a delay?

Angel Fernandez was convicted before sec.2244(d) came into being as part of the Antiterrorism and Effective Death Penalty Act. We therefore treat April 24, 1996, as the beginning of his year to seek federal collateral review. Gendron v. United States, 154 F.3d 672 (7th Cir. 1998). Fernandez filed his federal petition on February 27, 1998, so unless more than 10 months after the AEDPA's effectiveness is excluded by sec.2244(d)(2), the petition is too late and must be dismissed. When the AEDPA was enacted, Fernandez was pursuing collateral relief in state court. On July 19, 1996, the Appellate Court of Illinois affirmed an order denying his petition. Under Illinois Supreme Court Rule 315(b), Fernandez had 21 days to file a petition for leave to appeal. He missed that deadline but on June 12, 1997, filed a motion for permission to file a late petition for leave to appeal. On September 24, 1997, the Supreme Court of Illinois issued this order:

The motion by petitioner for leave to file a late petition for leave to appeal is allowed and is treated as a petition for leave to appeal.

Although it accepted Fernandez's petition--a step that rendered it "properly filed" under the rationale of Jefferson--by order of December 3, 1997, the Supreme Court of Illinois denied the petition for leave to appeal. About three months later Fernandez turned to federal court, where the district judge dismissed his petition as untimely.

Jefferson and Freeman do not decide how much time is excluded when a state court permits an untimely filing. There are four possibilities, in order of increasing amounts excluded:

Time between the order allowing the untimely filing and the final decision on the merits.

Time between the application for leave to file out of time and the final decision on the merits.

Time between the application for leave to file out of time and the final decision on the merits, plus the time originally available (but not used) to file a timely application.

Time between the previous adjudication of petitioner's claim and the final decision on the merits.

The first possibility (which the district court adopted) treats the petition as on file "during" September 24, 1997, to December 3, 1997, or 70 days; the second treats the petition as on file from June 12, 1997, to December 3, 1997, or 174 days; the third adds 21 days, for a total of 195; the fourth treats the petition as on file from July 19, 1996, the date of the appellate decision, to December 3, 1997, or 502 days.

Section 2244(d) does not address this subject directly, but the phrase "during which a properly filed application for State . . . collateral review . . . is pending" is incompatible with two of the four possibilities. The first does not fit, because it concentrates on the period while the court is considering the application, rather than the entire period "during which [the application] is pending". Fernandez filed his motion on June 12, 1997, and it was pending between then and December 3, 1997. In this respect a motion for leave to pursue an untimely application works like a motion for leave to commence a second collateral attack under state law. We held in Tinker that if the state court declines to allow a second collateral attack, then none of the period following the application counts as time "during which a properly filed [application] is pending"; but if the state court allows the second collateral attack to proceed, then the whole period from filing to conclusion logically is excluded under sec.2244(d)(2). Just so with motions to file untimely appeals and applications for discretionary review. But no one would suppose, if a state allows a second collateral attack, that this excludes all time since the prisoner began his first collateral attack, even though nothing at all was "pending" during the intervening months. Just so, again, with motions to file untimely appeals and applications for discretionary review.

Fernandez did not have a collateral attack under consideration by Illinois between July 19, 1996, and June 12, 1997, so none of that was time "during which a properly filed application for State . . . collateral review . . . is pending". This 11-month gap, plus the 3 months between the

state Supreme Court's final decision and Fernandez's federal petition, add to more than a year of countable time, so the district court correctly denied his petition as time-barred. Our conclusion that the right period of exclusion is all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default) matches the period we selected in Jefferson, but the issue had not been raised by the parties, and Jefferson did not explain why we chose this period, rather than one of the other possibilities. Now that the question has been squarely presented, we convert Jefferson's assumption into a holding. It is unnecessary to decide, and we therefore reserve, the question whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing. See also Gendron v. United States, 154 F.3d 672, 674 n.2 (7th Cir. 1998) (reserving a similar issue affecting the starting date of the one-year period). Twenty-one days more or less makes no difference to Fernandez.

Only one other court of appeals has dealt with this subject. Saffold v. Newland, 2000 U.S. App. Lexis 16489 (9th Cir. July 17, 2000), adopts the fourth possibility we have enumerated, holding that if a state's supreme court entertains an untimely request for discretionary review (or an original writ of habeas corpus), then all time from the commencement of the collateral attack in state court is excluded under sec.2244(d)(2). The ninth circuit did not explain how time during which no collateral attack is pending in state court may be deemed time "during which a properly filed application for State . . . collateral review . . . is pending"; Saffold does not analyze the language of sec.2244(d)(2). Indeed, the ninth circuit may not have appreciated the existence of the other three possibilities and does not indicate why it chose the fourth--and this despite Judge O'Scannlain's dissent, which challenged the lack of a reason underpinning the majority's conclusion. All the majority said for itself is that Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), supported its conclusion. But Nino presents a different issue: is time following an appellate court's decision, and preceding a timely application for discretionary review, excluded from the calculation under sec.2244(d)(2)? Nino's affirmative answer, with which we agree, see also Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000); Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999), does not establish that an untimely request receives the same treatment. It is sensible to say that a petition continues to be "pending" during the period between one

court's decision and a timely request for further review by a higher court (provided that such a request is filed); it is not sensible to say that the petition continues to be "pending" after the time for further review has expired without action to continue the litigation. That a request may be resuscitated does not mean that it was "pending" in the interim. Under the majority's approach in Saffold, if a prisoner let ten years pass before seeking a discretionary writ from the state's highest court, that entire period would be excluded under sec.2244(d)(2) as long as the state court denied the belated request on the merits. That implausible understanding of sec.2244(d)(2) would sap the federal statute of limitations of much of its effect.

Saffold's approach also would give sec.2244(d)(2) a Cheshire-cat like quality, both there and not there at the same time. Suppose Fernandez had applied for federal collateral relief in February 1998 without seeking review by the Supreme Court of Illinois. That application unquestionably would have been out of time. Next suppose that, after the federal court dismissed his petition, he asked the Supreme Court of Illinois for permission to file an untimely petition for leave to appeal, and that court accepted the petition but denied leave to appeal. Under Saffold the clock would be reset; it would be as if a proper state petition had been pending the whole time, and Fernandez would be able to file a timely federal petition. Retroactive changes in timeliness are bad enough; if, as Saffold tells us, the state petition really had been pending the whole time, then Fernandez's first federal petition in this hypothetical sequence should have been dismissed or stayed for failure to exhaust state remedies--for a state prisoner can't obtain federal relief while "a properly filed application for State . . . collateral review . . . is pending" in state court. But of course a federal court would not dismiss a petition on exhaustion grounds after the state process had come to an end and the time for review had expired. The court would say, correctly, that no state process was pending or available. State processes ended when the time to seek further review expired. They may be revived, but the prospect of revival does not make a case "pending" in the interim. Saffold implements a make-believe approach, under which petitions were continuously pending whenever a state court allows an untimely filing. We prefer reality. An untimely petition is just that; it is filed when it is filed, and it was not "pending" long before its filing. We decline to follow Saffold. (Because this decision creates a conflict among the circuits, it was circulated before release to all judges in active service. See Circuit Rule

40(e). No judge requested a hearing en banc.)

Saffold has two additional problems, each of which would lead us to reject its conclusion even if we agreed with its understanding of the "time during which a properly filed application for State . . . collateral review . . . is pending". First, Saffold did not ask for leave to file an untimely petition for discretionary review of the appellate decision rejecting his claim. He filed an original petition for a writ of habeas corpus. It is not possible to call this a continuation of the earlier petition that keeps the initial petition "pending" for purposes of sec.2244(d)(2). It is more like an application for leave to commence a new collateral proceeding. Second, the Supreme Court of California did not deny Saffold's petition without comment. Instead it denied the petition "on the merits and for lack of diligence." The ninth circuit held that a dual-ground denial is one on the merits, and that the additional finding of procedural default must be ignored for federal purposes. That conclusion cannot be reconciled with Harris, 489 U.S. at 264 n.10, a case that Saffold did not cite. Harris holds that when a state court invokes a rule of forfeiture under state law and resolves the merits as an alternative ground, both rulings must be respected when the petitioner applies to federal court. Saffold should have disregarded all time after the decision by the state's court of appeals. In our case, by contrast, the Supreme Court of Illinois excused the untimeliness as a matter of state law and ruled on the merits. So 174 days are excluded under sec.2244(d)(2). This is not enough to make Fernandez's petition timely, so the judgment of the district court is

Affirmed.