[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14202

_____

D. C. Docket No. 04-60265-CV-JEM

ANTHONY MCMILLAN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 6, 2007)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Anthony McMillan, a Florida prisoner proceeding through appointed

counsel, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. After review and oral argument, we affirm.

## I. BACKGROUND

### A. State Court Conviction and Direct Appeal

In January 1999, a jury convicted McMillan of two counts of robbery with a firearm and one count of armed carjacking. He was sentenced as a habitual violent felony offender to concurrent life sentences on each count. On January 19, 2000, the state appellate court affirmed his convictions and sentences. McMillan v. State, 763 So. 2d 1140 (Fla. Dist. Ct. App. 2000).

AEDPA's[1] one-year statute of limitations for § 2254 petitions began to run on the date on which McMillan's conviction became final. 28 U.S.C. § 2244(d)(1). McMillan's conviction became final on April 18, 2000 – 90 days after the January 19, 2000 order affirming his convictions and sentences when the period to file a petition for a writ of certiorari expired. See Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002). Thus, McMillan's AEDPA clock began to run on April 18, 2000.

### B. Rule 3.850 Motion

On December 22, 2000, McMillan filed, through retained counsel, a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief that raised four

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

claims. From April 18, 2000 to December 22, 2000, 248 days ran on his AEDPA clock.

The state post-conviction court initially denied two of McMillan's claims and ordered an evidentiary hearing on the remaining two claims. After the hearing, on February 13, 2002, the post-conviction court denied the remaining claims in McMillan's 3.850 motion and advised him that he had 30 days to appeal the order. McMillan had until March 15, 2002 to appeal the denial of his 3.850 motion, but he did not appeal. From March 15, 2002 to June 18, 2002, another 95 days passed which, if added to the AEDPA clock, would make the total time 343 days.

## C. Petition for Belated Appeal of Rule 3.850 Motion

On June 18, 2002, McMillan filed in the post-conviction court a <u>pro se</u> motion for belated appeal from the denial of his Rule 3.850 motion.[2] On September 20, 2002, the post-conviction trial court granted McMillan's motion for belated appeal. However, Florida rules specify that a petition for belated appeal in a post-conviction proceeding should be filed "in the appellate court to which the appeal should have been taken," not the trial court. <u>See</u> Fla. R. App. P.

---

[2]The state court's February 13, 2002 order denying McMillan's 3.850 motion indicates that the court sent a copy of the 3.850 order to his counsel. McMillan explained that he did not receive a copy of the Rule 3.850 court's February 13, 2002 order from his counsel or the court and that his counsel never notified him of the trial court's ruling. McMillan indicated that he learned of the court's ruling after asking a family member to call his attorney's office on or about April 15, 2002. However, McMillan waited over 60 days before filing his first petition for belated appeal on June 18, 2002.

3

9.141(c)(2).  Thus, McMillan's initial petition for belated appeal was filed in the wrong court.[3]

On October 1, 2002, McMillan filed a petition for belated appeal in the state appellate court.[4]  On December 9, 2002, the state appellate court granted McMillan's petition for belated appeal and quashed the trial court's September 20, 2002 order purporting to grant McMillan a belated appeal.  The state appellate court declared that its order should now be filed in the trial court and treated as a notice of appeal of the February 13, 2002 order denying McMillan's 3.850 motion.

On December 17, 2003, the state appellate court affirmed the denial of McMillan's 3.850 motion.  McMillian v. State, 861 So. 2d 1166 (Fla. Dist. Ct. App. 2003).[5]  On January 16, 2004, the state appellate court issued its mandate.  Another 39 days ran between January 16, 2004 and February 24, 2004, which, if

---

[3]Nonetheless, for purposes of this opinion, we will assume that McMillan's June 18, 2002 petition for belated appeal was "properly filed" within the meaning of § 2244(d)(2) because the State has not contended otherwise on appeal.  See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (discussing long-standing rule in this circuit that issues not raised in a party's initial brief on appeal are deemed waived).

[4]While the record does not contain McMillan's second petition for belated appeal, the parties do not dispute that McMillan's petition was filed in the state appellate court on October 1, 2002.
    The appellate docket sheet also indicates that McMillan filed a motion for voluntary dismissal in the state appellate court on October 10, 2002.  This motion also is not included in the record on appeal.  It presumably sought to dismiss the belated appeal granted by the state trial court.  The state appellate court later dismissed this motion in its December 9, 2002 order after quashing the post-conviction court's September 20, 2002 order.

[5]The state appellate court decision misspelled the petitioner's name as "McMillian."

4

added, would make the total AEDPA expired time now 382 days.[6]

## D.    Section 2254 Petition

On February 24, 2004, McMillan filed his § 2254 petition in the district court.[7] The magistrate judge's report and recommendation ("R&R") recommended that McMillan's § 2254 petition be dismissed as untimely because, after accounting for all the appropriate tolling McMillan was due, 382 days had passed before McMillan filed his § 2254 petition. These 382 days consisted of: (1) the 248 days from the date his conviction became final until the date he filed his 3.850 motion; (2) the 95 days from the date the 30-day period to appeal the denial of his 3.850 motion expired until the date he filed his first petition for belated appeal; and (3) the 39 days from the date the mandate issued at the conclusion of his 3.850 appeal until the date he filed his § 2254 petition. The district court overruled McMillan's objections, adopted the R&R, and dismissed McMillan's § 2254 petition as untimely.

McMillan filed a notice of appeal and a motion for a certificate of

---

[6]We have not decided explicitly whether the limitations period is tolled by a 3.850 proceeding until the date of the state appellate court's order or its mandate. We need not address this issue here, however, because tolling of these 30 days will not alter the outcome of this appeal. For purposes of this appeal, we will assume that the limitation period was tolled until the state appellate court issued its mandate on January 16, 2004.

[7]Under the "mailbox rule," McMillan's § 2254 petition is deemed filed on the date it was signed and delivered to prison authorities for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

appealability ("COA"). The district court denied McMillan's motion for a COA.

This Court granted McMillan a COA on the sole issue of:

> Whether the district court erred by finding that appellant was not entitled to statutory tolling during the 95-day period between the date the state court's denial of his post-conviction motion became final and the date he filed his motion for a belated appeal.

## II. DISCUSSION

AEDPA's statutory tolling provision in § 2244(d)(2) provides that the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The parties here do not dispute that: (1) McMillan's conviction became final on April 18, 2000; (2) McMillan's 3.850 motion was a properly filed application for state collateral review that tolled the limitations period from December 22, 2000 to February 13, 2002, when it was denied; and (3) McMillan did not appeal that 3.850 denial by March 15, 2002. Instead, the parties dispute only whether the 3.850 motion was "pending" for the 95 days between March 15, 2002 (the date that the 30-day period expired to appeal the February 13, 2002 order) and June 18, 2002 (the date McMillan filed his first petition for belated appeal).[8]

---

[8]The state petitions for belated appeal in Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003), unlike this case, were filed well after the AEDPA limitations period already had expired. Id. at 1378. Thus, Moore does not answer the narrow question presented here.

6

The Supreme Court recently clarified that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191, 126 S. Ct. 846, 849 (2006) (citing Carey v. Saffold, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138 (2002)). This Court has further held that an application remains pending until the time to seek appellate review expires if a petitioner does not file a notice of appeal. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).

While McMillan's Rule 3.850 proceedings were pending until the 30-day period to file a timely appeal expired on March 15, 2002, see id. at 1383, McMillan did not have anything filed in state court for the next 95 days until he filed his petition for belated appeal on June 18, 2002. Regardless of the state court's later actions granting McMillan's petition for belated appeal and stating its order should be filed as a new notice of appeal, there was nothing filed in state court during this 95-day period. Thus, there was nothing "pending" for these 95 days under § 2244(d)(2).

Other circuits have concluded that a post-conviction motion is not pending under § 2244(d)(2) between the time that the period to file a timely appeal expires

and the filing of a petition for belated appeal.  See Melancon v. Kaylo, 259 F.3d

401, 407 (5th Cir. 2001);[9] Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000);[10]

Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000).[11]  Like these other

---

[9]In November 1996, Melancon filed a state habeas petition in Louisiana state court. Melancon, 259 F.3d at 403.  In December 1997, the state trial court denied his petition.  Id. Melancon had 30 days to appeal the order, but did not do so.  Id. at 404.  In May 1998, Melancon filed an application for a supervisory writ in the Louisiana Court of Appeal.  Id. at 403-04.  The Court of Appeal granted the writ and denied Melancon's habeas petition on the merits.  Id. at 404.  The Fifth Circuit concluded that Melancon was not entitled to statutory tolling for the four months between the date that the 30-day appeal period expired and the date he filed his application for a supervisory writ.  Id. at 407.  In concluding that his state habeas petition was not "pending" during this time period, the Fifth Circuit stated that "[a] state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application."  Id.

[10]In December 1995, Gibson filed a state post-conviction motion, which the state trial court denied in April 1996.  Gibson, 232 F.3d at 802.  Gibson did not appeal the order within the 30-day period.  Id.  In June 1996, he filed a motion for leave to appeal out of time, which the state trial court granted.  Id.  Gibson did not pursue his out-of-time appeal at that time.  Id.  In November 1996, he again filed a motion for leave to appeal out of time with the state trial court, which was granted in February 1997.  Id.  Gibson then filed a motion for leave to appeal out of time with the Oklahoma Court of Criminal Appeals, as required by Oklahoma rules, which was granted in April 1997.  Id.  Gibson subsequently filed an application for an appeal out of time in May 1997.  Id.  The Oklahoma Court of Criminal Appeals affirmed the state trial court's denial of Gibson's state post-conviction motion in June 1997.  Id.

The Tenth Circuit concluded that Gibson's state post-conviction motion was not pending from the time the original 30-day period to appeal expired in May 1996 until he filed his second motion for leave to appeal out of time in November 1996.  Id. at 807.  Because Gibson did not comply with Oklahoma rules after the state trial court granted his motion for leave to appeal out of time, the Tenth Circuit concluded that his post-conviction motion was not pending until November 1996 because Gibson was not "attempting to exhaust state remedies" during this time. Id. (quotation marks omitted).

[11]Fernandez was pursuing state collateral relief when AEDPA was enacted.  Fernandez, 227 F.3d at 978.  In July 1996, the Illinois appellate court affirmed the denial of his petition for collateral relief.  Id.  Fernandez had 21 days to file a petition for leave to appeal, but failed to do so.  Id. at 978-79.  In June 1997, he filed a motion for permission to file a late petition for leave to appeal.  Id. at 979.  In September 1997, the Illinois Supreme Court accepted his petition as filed.  Id.  In December 1997, the Illinois Supreme Court denied the petition for leave to appeal. Id.  The Seventh Circuit concluded that Fernandez's collateral motion was not pending for the

8

circuits, we reject the argument that a state post-conviction motion remains "pending" after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal.

In sum, we conclude that McMillan was not entitled to statutory tolling for the 95-day period between the date the state trial court's denial of his 3.850 motion became final and the date he filed his petition for a belated appeal of that 3.850 denial. Therefore, a total of 382 non-tolled days passed before McMillan filed his § 2254 petition. Accordingly, because more than one year of non-tolled time ran before McMillan filed his § 2254 petition, we affirm the district court's dismissal of his § 2254 petition as untimely.[12]

---

eleven months from the date the 21-day period to appeal expired until he filed the motion for permission to file a late petition for leave to appeal in June 1997 because he "did not have a collateral attack under consideration" during this time. Id.

[12]We deny McMillan's request to expand the COA to consider equitable tolling of the 95-day period. The state court order denying his 3.850 motion indicates that the court sent a copy of the 3.850 order to McMillan's retained post-conviction counsel. This Court has held repeatedly that attorney mistake or negligence is not a basis for equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300-01 (11th Cir. 2006); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (denying equitable tolling based on attorney's miscalculation of the limitation period); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding equitable tolling was not justified where attorney filed a habeas petition 5 days late because he sent it by ordinary mail). Because McMillan has failed to make "a substantial showing of the denial of a constitutional right," we decline to expand the COA to include his equitable tolling argument. 28 U.S.C. § 2253(c)(2).

Also, McMillan's state-created-impediment argument is outside the scope of the COA. See 28 U.S.C. § 2253(c); Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1302-03 (11th Cir. 2005) (limiting review to the issues specified in the COA), cert. denied, ___ U.S. ___, 127 S. Ct. 348 (2006).

**AFFIRMED.**