# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3672

HECTOR DE JESUS,

*Petitioner-Appellant*,

*v.*

GERARDO ACEVEDO, Warden of Hill Correctional Center,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 2579—**Amy J. St. Eve**, *Judge*.

ARGUED MAY 26, 2009—DECIDED JUNE 9, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and POSNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Hector de Jesus, who in 1991 was convicted of murder, contends that a federal collateral attack in 2007 is timely because a state court accepted, and rejected on the merits, a collateral attack he filed in 2000. Yet the time to file for federal relief expired in April 1997 (one year after the Antiterrorism and

Effective Death Penalty Act became law). A state court's later refusal to upset a conviction does not open a new window for federal collateral review.

That the time for federal review expired in April 1997 is common ground among the parties. If de Jesus had filed a federal collateral attack in May 1997, it would have been dismissed as untimely. What de Jesus contends is that all time since 1991 was tolled, retroactively, when the state courts entertained (and denied) collateral attacks filed in 2000 and 2002, which were consolidated and finally resolved in January 2007.

The AEDPA's time limit is in 28 U.S.C. §2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For de Jesus, the latest date in subsection (1)'s list is in 1991, when his conviction became final. None of the other subsections applies. But he contends that, when a state decides a collateral attack on the merits, that petition should be treated as if it had been pending on all earlier dates, so that all time until the resolution of the collateral attack is excluded by subsection (2).

This line of argument treats the disposition of a state collateral attack as restarting the federal time, as if it were one of the events in subsection (1). Yet what subsection (2) does is *exclude* particular time from the year, not *restart* that year. So if a state conviction becomes final on March 1, 2008, and a collateral attack in state court begins on July 1, 2008, and lasts until July 1, 2009, the prisoner then has eight months (or until March 1, 2010) to launch a federal collateral attack. Subsection (2)'s approach to excluding time is straightforward. It follows that a state proceeding that does not begin until the federal year has expired is irrelevant. Any other approach would

eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock. But §2244(d) is an independent federal rule; a state's latitude or lassitude with respect to time does not extend the AEDPA's limit. So we have held in several decisions. See, e.g., *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000); *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005).

Although de Jesus contends that the state courts considered his petitions in 2000 and 2002 only because they concluded that he had received incorrect advice in 1991 (a state judge told him to seek review in the Supreme Court of Illinois rather than the Appellate Court), this does not imply that any action was "pending" between 1991 and 2000. A state's decision to accept an untimely filing does not justify back-dating that filing. The federal courts were available to de Jesus between 1991 and 1997, when the AEDPA's time limit ran out. Incorrect advice rendered in 1991 might or might not have been the basis of federal relief; it does not justify pretending that a state proceeding not filed until 2000 had been pending for nine years before its commencement.

De Jesus contends that *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), requires a different approach, one in which a state collateral attack must be treated as "pending" before it is filed. But *Jimenez* does not hold any such thing.

Jimenez's conviction became final in 1996, when he failed to appeal. In 2002 a state court held that the lack of

an appeal was attributable to ineffective assistance of counsel. It granted Jimenez's petition for collateral relief and as a remedy gave him a new opportunity to take a direct appeal from the 1996 conviction. Jimenez used that opportunity but did not obtain any further relief. The state's appellate process came to an end in 2004. Jimenez then filed a federal collateral attack—one that was timely if 2004 was "the date on which the judgment became final by the conclusion of direct review" (§2244(d)(1)(A)) but untimely otherwise. The Supreme Court held that, when a state grants a petition for collateral relief and restarts the appellate process, the federal clock runs from "the date on which the judgment became final by the conclusion of direct review"—for the new decision is one on "direct review," and §2244(d) says that the federal time starts on "the latest of" any of the four events listed in subsection (d)(1).

*Jimenez* does not help de Jesus, for two reasons. First, Jimenez obtained collateral relief from state court, leading to a new final decision, while de Jesus did not obtain any relief from state court, so the date of final decision on direct review in his case remains 1991. Second, *Jimenez* concerned the interpretation of §2244(d)(1)(A), while the argument that de Jesus makes depends on §2244(d)(2). *Jimenez* does not offer any reason to think that the interpretation of §2244(d)(2) in *Fernandez* or *Escamilla* is incorrect. We therefore reiterate the conclusion of those opinions: A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under §2244(d)(2),

of time that passed before the state collateral proceeding began.

AFFIRMED