In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2518

EVAN GRIFFITH,

*Petitioner-Appellant*,

*v.*

DAVE REDNOUR, Warden,
Menard Correctional Center,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 06-1306—**Michael M. Mihm**, *Judge*.

ARGUED APRIL 5, 2010—DECIDED JULY 22, 2010

Before EASTERBROOK, *Chief Judge*, and BAUER and WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. A state prisoner who wants collateral review in federal court must file a petition for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review". 28 U.S.C. §2244(d)(1)(A). (The statute restarts the clock under certain circumstances, such as the Supreme Court's recognition of a new constitutional

right, but none of those possibilities matters here.) For Evan Griffith, who is serving a term of life imprisonment for murder, the end of direct review came in 1994. *People v. Griffith*, 158 Ill. 2d 476, 634 N.E.2d 1069 (1994), cert. denied, 513 U.S. 952 (Oct. 17, 1994). Post-conviction review in state court lasted until 2005. This entitles Griffith to the benefit of §2244(d)(2), which reads:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The principal dispute on this appeal concerns the meaning of the word "pending".

On July 13, 2005, the Illinois Appellate Court affirmed an order denying Griffith's petition for collateral review. He had 35 days to ask the Supreme Court of Illinois for leave to appeal. Ill. S. Ct. R. 315(b) (2005). (This rule has been renumbered as 315(b)(1); we refer to the version in force in 2005.) That time expired on August 17. Two weeks later, Griffith filed a petition for leave to appeal, together with a motion asking the court to accept his petition *instanter*. That motion was granted on September 13. On December 1, the Supreme Court of Illinois denied the petition for leave to appeal. And on November 30, 2006, Griffith filed his petition for a writ of habeas corpus under 28 U.S.C. §2254. The federal petition is timely if and only if the state proceeding is treated as "pending" continuously through December 1, 2005. See *Wilson v. Battles*, 302 F.3d 745 (7th Cir. 2002) (review by the

Supreme Court of Illinois ends on its decision date
rather than the date of mandate). The district court con-
cluded, however, that the proceeding stopped being
"pending" on August 17, 2005, when Griffith's oppor-
tunity to file a (timely) petition for leave to appeal ex-
pired. That made the federal petition late, and the district
court dismissed it. 2009 U.S. Dist. LEXIS 25794 (C.D. Ill.
Mar. 30, 2009).

The district court relied on *Fernandez v. Sternes*, 227 F.3d
977 (7th Cir. 2000), which concluded that a state pro-
ceeding is no longer pending once the state court has
made its decision and the time to seek further review
has expired. Fernandez had contended that, if another
state court accepts an untimely filing, the federal court
should treat that decision as retroactively making the
proceeding "pending" during the gap between the end
of the authorized filing period and the acceptance of the
document. We concluded that a state court's decision
to accept an untimely paper makes it "properly filed" but
held that this does not mean that the proceeding was
"pending" during the gap between the end of the autho-
rized filing period and the belated acceptance. We ex-
plained:

> It is sensible to say that a petition continues to be
> "pending" during the period between one court's
> decision and a timely request for further review
> by a higher court (provided that such a request is
> filed); it is not sensible to say that the petition
> continues to be "pending" after the time for
> further review has expired without action to

continue the litigation. That a request may be resuscitated does not mean that it was "pending" in the interim. [If that were so], if a prisoner let ten years pass before seeking a discretionary writ from the state's highest court, that entire period would be excluded under §2244(d)(2) as long as the state court denied the belated request on the merits. That implausible understanding of §2244(d)(2) would sap the federal statute of limitations of much of its effect.

227 F.3d at 980. Griffith asks us to distinguish the grant of a motion for leave to file a petition *instanter* (his situation) from the grant of a motion for leave to file an untimely petition. According to Griffith, leave to file *instanter* means that the petition is timely as a matter of state law. That is not what the state court said, however. A decision to accept a document *instanter* (law Latin for "right now" or "immediately") does not make it timely; it just means that the document will be considered on the merits. That's exactly the effect of an order accepting an untimely document.

A court that decides to accept an untimely filing could say any of three things: (1) we accept this filing despite its belated submission; (2) we grant a retroactive extension of time; or (3) we accept this filing *instanter*. As far as we can see, these are identical for the purpose of Illinois law. See, e.g., *Wauconda Fire Protection District v. Stonewall Orchards, LLP*, 214 Ill. 2d 417, 424–29, 828 N.E.2d 216, 220–23 (2005). More importantly, they are identical for the purpose of federal law. (The meaning of "pending," a term

in a federal statute, is a question of federal law.) The point of *Fernandez* is that state courts' decisions do not have retroactive effect. Once a petition has stopped being "pending," nothing a state court does will make it "pending" during the time after the federal clock began to run and before another paper is filed in state court. *Fernandez* holds that, if a state court accepts an untimely filing, a proceeding is "pending" from the paper's filing date; thus Griffith had a "pending" proceeding from September 1, 2005, when he tendered the motion for leave to file *instanter*, through December 1, 2005, when the state court denied the petition for leave to appeal. But nothing was pending from August 18 through 31. This meant that the year prescribed by §2244(d)(1) expired on November 17, 2006, and Griffith's federal petition was 13 days late.

Anticipating that we might agree with the district court on this subject, Griffith contends that *Fernandez* is inconsistent with post-2000 decisions of the Supreme Court, which say that a document is "properly filed" for the purpose of §2244(d)(2) if it meets the procedures established by state law, and that if a state court accepts a paper and decides on the merits then it was "properly filed." See *Carey v. Saffold*, 536 U.S. 214 (2002). See also, e.g., *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009) (defining the term "final" in §2244(d)(1)(A)). In *de Jesus v. Acevedo*, 567 F.3d 941 (7th Cir. 2009), we reaffirmed *Fernandez*, which interprets the word "pending" rather than any of the other language in §2244(d). We do not doubt that Griffith's petition for leave to appeal was "properly filed" and that September 1 through December 1, 2005, is ex-

cluded for federal purposes. This does not imply that anything was "pending" from August 18 through August 31. Griffith does not make any argument that we overlooked in *de Jesus*. We shall leave *Fernandez* undisturbed.

Griffith contends that he did not commit the murder of which he stands convicted and maintains that the time limits in §2244(d) do not apply to a person who claims to be actually innocent. We held otherwise in *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005), and are no more disposed to overrule that decision than we are to overrule *Fernandez*.

This leaves a request for tolling. *Holland v. Florida*, No. 09–5327 (U.S. June 14, 2010), holds that the deadline in §2244(d) is subject to equitable tolling, which is appropriate when an "extraordinary circumstance stood in [the] way" of a timely filing (slip op. 17, quoting from *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *Holland* added that a lawyer's "egregious behavior" (slip op. 18) satisfies that standard, though neither "a garden variety claim of excusable neglect" nor a "miscalculation" about the time available for filing is an "extraordinary" circumstance (slip op. 19). Griffith blames the delay on his lawyer's illness, but the illness in question caused the delay in seeking leave to appeal in state court. This is why the state court accepted the untimely petition for leave to appeal. Griffith does not contend that his lawyer's illness in August 2005 accounts for the decision to file the federal petition after the time to do so (mid-November 2006) had expired. An illness that justifies a belated

state filing does not automatically justify an untimely federal filing more than a year later.

The most one could say is that his lawyer misunderstood how to determine when a state petition is "pending" for the purpose of §2244(d)(2). That sort of error is not "extraordinary"; it is all too common. *Holland* tells us that a simple legal mistake does not excuse an untimely filing. It may be negligent to wait until what is by a lawyer's own calculation the last possible day, because such a calculation could be wrong. But this kind of negligence is not "extraordinary" by any means. Such a blunder does not extend the time for filing a collateral attack. See *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

AFFIRMED