**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON WAYNE HACHMEISTER,

Petitioner - Appellant

v.

THOMAS WILLIAMS,

Respondent - Appellee.

No. 26-3008
(D.C. No. 5:25-CV-03112-JWL)
(D. Kansas)

_____

**ORDER**

_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

This action grew out of a conviction in state court for first-degree murder. The petitioner, Mr. Jason Hachmeister, unsuccessfully appealed in state court and sought habeas relief in federal court. The federal district court dismissed the habeas action based on timeliness and declined to alter or amend the judgment. From these rulings, Mr. Hachmeister wants to appeal. To do so, he needs a certificate of appealability. 28 U.S.C § 2253(c)(1)(A).

To address Mr. Hachmeister's request for the certificate, we consider whether his appellate arguments are reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007) (holding that when the

district court denies habeas relief based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's ruling on timeliness is at least reasonably debatable). In our view, Mr. Hachmeister's appellate arguments are not reasonably debatable.

For habeas actions, federal law provides a one-year period of limitations. 28 U.S.C. § 2244(d)(1). This period generally begins when the judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). When a prisoner does not proceed further, the judgment becomes final when the deadline for a certiorari petition expires. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

The conviction in state court was affirmed on June 5, 2020. If Mr. Hachmeister were to seek certiorari, he needed to file a petition in the United States Supreme Court by November 2, 2020.[1] But he didn't seek certiorari. So the limitations period began November 3, 2020, and expired November 3, 2021. *See United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (discussing the "anniversary method" for determining the limitations period). Mr. Hachmeister did not seek habeas relief until May 29, 2025, more than three years after the conviction had become final.

---

[1]     As a result of the COVID-19 pandemic, the United States Supreme Court temporarily extended the deadline for certiorari petitions from 90 days to 150 days. S. Ct. Misc. Orders, Mar. 19, 2020 & July 19, 2021.

2

Despite this delay, Mr. Hachmeister argues that the limitations period was tolled while his state post-conviction action was pending. *See* 28 U.S.C § 2244(d)(2). But he did not seek post-conviction relief in state court until more than a year after his conviction had become final.

Despite his delay, Mr. Hachmeister points out that the Kansas Supreme Court temporarily suspended limitations periods under state law during a pandemic. Kan. Sup. Ct. Admin. Order 2020-PR-16. But this suspension of state limitation periods doesn't help Mr. Hachmeister.

Statutory tolling is allowed only when the defendant seeks post-conviction relief in state court before the one-year period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *see also Fisher v. Gibson* 262 F.3d 1135, 1142–43 (10th Cir. 2001) (noting that a prisoner could not toll the limitations period "for time spent in state post-conviction proceedings because his applications for post-conviction relief [had not been filed] until after . . . the end of the limitations period"). Mr. Hachmeister didn't seek post-conviction relief in state court until more than a year after his conviction had become final. And the Kansas Supreme Court's administrative order doesn't extend the one-year limitations period. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (explaining that "§ 2244(d) is an independent federal rule; a state's latitude or lassitude with respect to time does not extend the [one-year limitations period]").

Mr. Hachmeister also urges equitable tolling; however, he must show extraordinary circumstances beyond his control. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). He points to the Kansas Supreme Court's administrative order, but he hasn't shown extraordinary circumstances that would have prevented him from filing a timely habeas petition.[2] So he lacks a plausible argument for equitable tolling.

Because Mr. Hachmeister's appellate arguments aren't reasonably debatable, we deny his request for a certificate of appealability. Absent a certificate of appealability, we dismiss the matter.[3]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2]    Mr. Hachmeister says that he reasonably believed that he had to file a post-conviction application in state court before filing a federal habeas petition. But his understanding of the law doesn't constitute a circumstance beyond his control.

[3]    Mr. Hachmeister also requests leave to proceed in forma pauperis. We grant this request.