# In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-2574

BRIAN DANIELS, aka BRIAN TRIPLETT,

*Petitioner-Appellant,*

v.

ALAN M. UCHTMAN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 888—**Suzanne B. Conlon**, *Judge.*

_____

ARGUED MARCH 30, 2005—DECIDED AUGUST 29, 2005

_____


Before BAUER, RIPPLE, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* In 1984, Brian Daniels was convicted of murder and sentenced to 30 years in prison. Fifteen years later, the primary eyewitness for the prosecution recanted his testimony. Furthermore, Daniels learned that the witness was facing a juvenile burglary charge at the time of his testimony, which the prosecution failed to disclose. Based on these new developments, Daniels unsuccessfully sought post-conviction relief in state court, then filed a petition for writ of habeas corpus in federal court. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1)(D). We affirm.

## I. Background

Daniels was convicted for the December 24, 1981 murder of Edward Knight. The prosecution's primary witness was a boy named Caston Rollins, who was 10 years old at the time of the murder and 12 years old at trial. Rollins testified that he saw Daniels and some other boys breaking into the victim's house that morning. Fifteen years later, on June 25, 1999, Rollins executed an affidavit recanting his trial testimony. He stated that he was prompted to come forward after being contacted by Daniels' representatives. On October 27, 1999, Daniels filed for relief in state court. The trial court denied his post-conviction petition. The appellate court affirmed, and the Illinois Supreme Court denied leave to appeal on February 5, 2003. Daniels filed his federal habeas petition on February 4, 2004. He brings a due process claim based on Rollins' affidavit and a *Brady* claim based on the prosecution's failure to disclose evidence regarding Rollins' pending juvenile charge and its representations to Rollins that it would provide assistance to him on that charge.

The district court dismissed Daniels' petition as time-barred under 28 U.S.C. § 2244(d)(1)(D). The petition was due one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The issue on appeal is what constitutes the "factual predicate" of Daniels' claims. The district court held that the execution of Rollins' affidavit on June 25, 1999, was the factual predicate for Daniels' claims. Daniels argues that the factual predicate for his claims was not "discovered" until the date of the Illinois Supreme Court decision, February 5, 2003.

The district court reasoned that a state court decision is a procedural requirement, not a factual predicate for Daniels' claims. As such, the one-year limitations period began to run when Rollins executed his affidavit. Under that ratio-

nale, the statute ran for a total of 123 days from the signing of the affidavit until Daniels filed for relief in state court.[1] At that point, the statute was tolled. After the Illinois Supreme Court denied relief, the statute began to run again, this time for 364 days until Daniels filed his habeas petition. In the view of the district court, a total of 487 days elapsed after the date on which the factual predicate of Daniels' claims had been discovered, making his habeas petition untimely.

Daniels contends that since he could not file his federal habeas claim until the state court had ruled, the one-year statute of limitations began to run on February 5, 2003, the date the Illinois Supreme Court denied leave to appeal. By his rationale, only 364 days elapsed and his petition was timely.

## II. Discussion

Shortly after oral argument in this case, the Supreme Court decided *Johnson v. United States*, 125 S.Ct. 1571 (2005). In *Johnson*, the petitioner received an enhanced sentence on his federal drug conspiracy conviction based on his prior state court convictions. After successfully moving to vacate his state court convictions, he filed for federal habeas relief on the basis that the vacatur of his state convictions required vacatur of his enhanced federal sentence.[2] Johnson filed his petition after the one-year

---

[1] The district court erroneously calculated that the statute had run for 169 days. The error is insignificant; under the district court's analysis, Daniels' petition would still be untimely using the correct figure of 123 days.

[2] Since the petitioner in *Johnson* was a federal prisoner, his claims are governed by 28 U.S.C. § 2255, ¶ 6(4). This is the counterpart to § 2244(d)(1)(D); the provisions are virtually

(continued...)

grace period set out by the AEDPA, but he argued that the order vacating the state court conviction was a "new fact" and triggered a new limitations period. The Eleventh Circuit rejected the argument, holding that a state court order was not a "fact" as contemplated by § 2255.

The Supreme Court, while affirming on other grounds, held that the vacatur of Johnson's prior state conviction was a matter of fact for purposes of the one-year limitations period set out in § 2255. The Court addressed the narrow question of what "facts" affecting an enhanced sentence most reasonably fit into the language of the limitation provision of § 2255, which states that the one-year limit begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 125 S.Ct. at 1578. Ultimately, the Court noted that it is "peculiar to speak of 'discovering' the fact of the very eventuality the petitioner himself has brought about, but when that fact is necessary to the § 2255 claim, and treating notice of it as the trigger produces a more reasonable scheme than the alternatives, the scheme should be reconciled with the statutory language if it can be." 125 S.Ct. at 1580.

The situation in the instant case is distinguishable from *Johnson*. In *Johnson*, the state court decision vacating his state convictions supplied a necessary element of the petitioner's claim. Here, the state court's decision was not an element of Daniels' due process or *Brady* claims, but rather a procedural hurdle to clear before proceeding with his federal habeas petition. The state court decision plays a different role here; it does not operate as the factual

---

[2] (...continued)
identical and the Supreme Court has interpreted the statute of limitations provisions interchangeably. *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

predicate of Daniels' claim. Treating the state court decision as the trigger for a renewed one-year period does not produce a reasonable scheme in the instant case. Rather, it would significantly undermine the one-year statute of limitations and render the provision tolling the limitation during the pendency of the state claim meaningless. The factual predicate for Daniels' due process claim was the execution of Rollins' affidavit; his petition was untimely and was properly dismissed.

Daniels further argues that his *Brady* claim is timely since he did not learn of the burglary charge against Rollins until September 26, 2000. This argument is unpersuasive. Daniels, through his representatives, contacted Rollins at some point before Rollins signed his affidavit on June 25, 1999. Even though the facts surrounding Rollins' burglary charge were not actually discovered by Daniels' counsel until an interview in September 2000, Daniels could have discovered the information supporting his *Brady* claim at least as early as June 1999. Section 2244(d)(1)(D) requires the petitioner to exercise due diligence in discovering the factual basis for his claims. Daniels failed in this respect, and his *Brady* claim was properly dismissed as untimely.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court dismissing Daniels' petition as untimely.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*