NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 8, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3089

| | |
|---|---|
| ERIC O. RIVERA, *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-140-JPS |
| WILLIAM POLLARD, *Respondent-Appellee.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Eric Rivera pointed a .22-caliber rifle through the open, second-story window of a residence in Milwaukee, Wisconsin, and fired six to eight rounds toward the street below. A man sitting in a parked car died from a .22-caliber bullet wound to the head. Rivera pleaded guilty to first-degree reckless homicide, WIS. STAT. § 940.02(1), and first-degree reckless endangerment, § 941.30(1). He was sentenced in 1998 to 45 years' imprisonment. In early 2012 he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

trial and appellate counsel had failed to investigate or tell him about a witness who might have supported a defense that a second gunman fired the fatal shot. Had he known about this witness, Rivera insisted, he would not have pleaded guilty. The district court dismissed the action as untimely, reasoning that Rivera was not justified in waiting until 2012 to seek federal relief. We agree with that assessment.

The facts relevant to Rivera's petition are not disputed. His conviction and sentence were upheld on direct appeal in 2001, and shortly afterward Rivera received the case file from appellate counsel. In that file was a police report of an interview with Rosa Maldonado, who had said she saw someone running along the street and firing a gun toward the parked car on the night the victim was killed. Rivera read that report soon after receiving the file, yet he waited until 2008 before taking action. That year he sought postconviction relief directly from the Wisconsin Court of Appeals, *see State v. Knight*, 484 N.W.2d 540, 541 (Wis. 1992), on the ground that appellate counsel should have claimed that his lawyer in the trial court was ineffective in not exploring a second-gunman defense based on Maldonado's statement. Her account, the court of appeals noted, suggested that a street-level gunman might coincidentally have shot the victim while Rivera was firing from above. Thus the court referred the matter to the trial court for factual development. But in 2011, after many months of hearings in the trial court, the court of appeals denied Rivera's petition. The court concluded that he had suffered no prejudice from the inaction of his lawyers because, as the trial court found, a second-gunman defense lacked evidentiary support. The court of appeals cited a forensic pathologist's opinion that the victim had been struck by a bullet "fired from a higher distance." The court also noted that Maldonado, who testified during the postconviction proceedings, had said she saw the street-level gunman 40 to 45 minutes *after* hearing a shot fired from the residence. The Supreme Court of Wisconsin denied review on September 1, 2011.

Rivera filed his § 2254 petition five months later on February 9, 2012. He raised the ineffective-assistance claim as well as three others not relevant to this appeal. In dismissing the action as untimely, the district court noted that, of the possible events that can delay the running of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), only one could apply here: The statute cannot run before "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. § 2244(d)(1)(D). The district court thought this date was September 30, 2009, when the state trial court taking evidence in the postconviction proceedings compiled a formal record of the "additional facts and witnesses that Mr. Rivera argues were not disclosed to him prior to trial." And thus, the district court reasoned, Rivera's federal petition was untimely because he had filed it more than a year after that date. The court added that equitable tolling could not apply because, even if waiting until September 2011 for a resolution of his state postconviction petition had made Rivera "wary" of seeking relief in

federal court, the "delay" in state court was not extraordinary and had not prevented Rivera from seeking relief under § 2254. But the district court envisioned "reasonable jurists debating" the tolling question and, for that reason, granted a certificate of appealability on the ineffective-assistance claim. *See* 28 U.S.C. § 2253(c)(2).

At the outset we note that the district court erred in granting the certificate of appealability because a procedural question—in this case the timeliness of Rivera's federal petition—cannot by itself support granting a certificate. There also must be a substantial showing of a *constitutional* violation, 28 U.S.C. § 2253(c)(2); *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000), which the district court did not find. But "a defect in a certificate of appealability is not a jurisdictional flaw," *Owens*, 235 F.3d at 358, and because the state has not challenged the district court's grant it has forfeited the benefits the statute. We thus proceed to resolve the timeliness issue.

Rivera contends that the district court picked the wrong accrual date for his claim of ineffective assistance. We agree that a mistake was made, but not in the way Rivera contends or in a way that saves his claim. In his view, the factual predicate remained unknown until September 1, 2011, when the Supreme Court of Wisconsin cut off further review of his state postconviction petition. Not until then, says Rivera, could he file a petition in federal court given his need to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

This argument fails for several reasons. First, Rivera never presented it to the district court and thus waived it for appeal. *See Wis. Educ. Ass'n Council v. Walker*, Nos. 12-1854, 12-2011, 12-2058, 2013 WL 203532, at *27 (7th Cir. 2013); *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 841 (7th Cir. 2010). Second, the ongoing state proceedings were (as Rivera himself implicitly acknowledges) at most a procedural hurdle to his federal claim, not the factual predicate for that claim. *See Daniels v. Uchtman,* 421 F.3d 490, 492 (7th Cir. 2005). And even describing the state proceedings as a procedural obstacle is inaccurate because Rivera could have filed a timely federal petition and asked the district court for a stay pending exhaustion. *See Rhines v. Weber,* 544 U.S. 269, 275–77 (2005); *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006).

Most obviously, though, the date that Rivera discovered the factual predicate for his claim was not, as the district court surmised, in 2009 when the state trial court compiled a record of the evidence presented during the postconviction proceedings. *See Escamilla v. Jungwirth,* 426 F.3d 868, 870 (7th Cir. 2005) ("Section 2244(d)(1)(D) does not restart the time when corroborating evidence becomes available; if it did, then the statute of limitations would fail in its purpose to bring finality to criminal judgments, for any prisoner could reopen the judgment by locating any additional evidence."). Instead, Rivera discovered the

factual predicate for his claim of ineffective assistance in 2001 when he read the police report of Maldonado's interview. The one-year statute of limitations began running on that date and thus expired in 2002. And since only a "pending" state-court action can toll the limitations period, 28 U.S.C. § 2244(d)(2); *Griffith v. Rednour,* 614 F.3d 328, 329–30 (7th Cir. 2010); *Fernandez v. Sternes,* 227 F.3d 977, 980 (7th Cir. 2000), the state postconviction proceedings that Rivera commenced in 2008 did nothing to save his federal petition from being dismissed as untimely. This conclusion also dooms Rivera's argument that the "delay" in the state-court proceedings constitutes an extraordinary circumstance that stood in the way of his timely filing—Rivera does not even assert such circumstances caused him to wait six years before filing his state petition. *See Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010) (noting that petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way of timely filing); *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (same).

**AFFIRMED**.