NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1062

| | |
|---|---|
| SYLVESTER JACKSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District |
| | of Wisconsin. |
| *v.* | |
| | No. 15-C-358 |
| JON LITSCHER, et al., | |
| *Defendants-Appellees*. | William C. Griesbach, |
| | *Chief Judge*. |

**O R D E R**

Sylvester Jackson, a former Wisconsin inmate, is dissatisfied with the performance of his recruited counsel in the deliberate-indifference suit he filed against prison officials regarding the manner that the prison dispenses medication to inmates. The district court entered summary judgment for the defendants. Jackson appeals only the judge's failure to replace counsel or remove him from the case. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

We recount the facts in the light most favorable to Jackson, the nonmoving party. *See Giles v. Tobeck*, 895 F.3d 510, 512 (7th Cir. 2018). As he alleged in his sworn complaint, correctional officers at two Wisconsin prisons where he was incarcerated (Columbia Correctional Institution and Jackson Correctional Institution) regularly gave the wrong medications to prisoners or failed to distribute the proper medications in a timely manner. Jackson believes that this distribution system is error-prone and dangerous, and sought both damages and an injunction compelling the prison to use trained medical personnel to distribute medications. *See* 42 U.S.C. § 1983.

After screening, *see* 28 U.S.C. § 1915A, the court denied Jackson's request to recruit counsel, determining that he was competent to proceed with the case, at least at this early stage. As the case proceeded to discovery, however, the court acknowledged that medical experts likely would be necessary, and so it decided to recruit counsel to assist Jackson present his case.

The district court ultimately entered summary judgment for the defendants. The court concluded, first, that Jackson's claims for injunctive relief were moot because he had been released from prison. Jackson also had abandoned his claims against six of the seven defendants by not addressing those claims in his summary-judgment submissions. The remaining defendant was entitled to judgment, the judge explained, because Jackson had not presented evidence that there were systemic and gross deficiencies in the Wisconsin Department of Corrections' procedures.

On appeal Jackson does not contest the reasoning in the district court's order and focuses instead on the court's failure to remove recruited counsel from the case. Jackson maintains that four times he wrote to the court complaining that counsel would not return his calls and had ignored his request to seek an injunction. Rather than investigate counsel's performance, Jackson says, the court abdicated its duty to supervise counsel. Jackson also highlights counsel's failure to respond to the defendants' statement of proposed material facts, an oversight that led the district judge at summary judgment to admit the defendants' proposed facts.

Counsel's alleged failings do not entitle Jackson to a remand. Supervising recruited counsel is not the duty of the district court. Recruited counsel is the agent of the litigant. *See Fuery v. City of Chi.*, 900 F.3d 450, 467 (7th Cir. 2018); *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (collecting cases). The court, in response to one of Jackson's letters, informed Jackson that he was free to fire counsel. But Jackson chose not to fire counsel, so he is bound by the deeds of his attorney. Moreover, there is no right to recruited counsel in federal civil litigation, *see Olson v. Morgan*, 750 F.3d 708, 711

(7th Cir. 2014), and without a right to recruited counsel, there can be no right to effective recruited counsel. *See Stanciel v. Gramley*, 267 F.3d 575, 580–81 (7th Cir. 2001).

AFFIRMED