**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 20, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3299

| | |
|---|---|
| BENNY L. WILLIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 1939 |
| KENNETH ROSS, et al., *Defendants-Appellees.* | Joan H. Lefkow, *Judge.* |

**O R D E R**

While Benny Willis was in jail awaiting trial on a charge of armed robbery, a warrant to arrest him for violating his parole was also pending. He received his parole-revocation hearing after he was convicted of armed robbery, about two years after the parole-violation warrant was issued. Willis has sued correctional officials over

---

[*] Willis has moved the court for oral argument, but we deny the motion and decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

this delay, and the district court dismissed the suit for failure to state a claim. The judge correctly ruled that due process did not require a parole-revocation hearing while Willis was validly detained on the charge for armed robbery. *See Doyle v. Elsea*, 658 F.2d 512, 516 (7th Cir. 1981). Therefore, we affirm.

Six months after Willis began parole from state prison for drug crimes, he was arrested and detained in jail on a criminal warrant for armed robbery. The Illinois Department of Corrections also issued a warrant to arrest Willis for violating his parole, but the warrant was not executed. Willis alleges that, because that warrant remained pending, he was not released from jail while he awaited trial for armed robbery.

Willis spent 29 months in pretrial detention, followed by two sentencings. The first sentencing occurred after he pleaded guilty to armed robbery. He received a 72-month sentence, which allowed for 36 months of parole. The state court credited Willis with the 29 months that he spent in jail awaiting trial, leaving only 7 more months to serve before he began parole in August 2010. The next sentencing occurred soon after the first, when Willis went before the Illinois Prisoner Review Board for his parole-revocation hearing. The Board revoked his parole and sentenced him to 15 months in prison. It did not credit any of the 29 months that he served before his armed-robbery conviction, so the 15-month term postponed his release to April 2011, about 8 months after his estimated release on parole from the armed-robbery sentence.

After his release, Willis brought this suit for damages under 42 U.S.C. § 1983. With the aid of recruited counsel, Willis alleged that officials from the Department of Corrections denied him due process and violated state law by not holding a parole-revocation hearing promptly after his arrest for armed robbery. In his view, had he received a prompt hearing, one of two favorable outcomes would have occurred: either his parole would not have been revoked and he would have been released on bond for the charge of armed robbery, or, if his parole had been revoked, he would have served his 15-month revocation sentence during his 29 months of pretrial detention and thereby been released 8 months sooner. Willis also alleged that Michelle Littlejohn, an employee of the Parole Revocation Board, negligently computed his ultimate release date. The defendants moved to dismiss the complaint for failure to state a claim. (The defendants did not argue that, under *Heck v. Humphrey,* 512 U.S. 477 (1994), Willis may not proceed under Section 1983 because he did not first petition to invalidate his allegedly wrongful detention by seeking a writ of habeas corpus, so we do not consider that issue.)

The district court dismissed the suit. First, the judge ruled that Willis failed to state a due-process claim. She reasoned that his guilty plea supplied probable cause for his 29-month detention; thus, under *Doyle v. Elsea* he had no right to an earlier parole-revocation hearing. The judge also ruled that she "lacks supplemental jurisdiction" over Willis's related state-law claim. She then dismissed both claims with prejudice and gave Willis leave to amend his complaint to allege an Eighth Amendment claim against Littlejohn. Willis amended his complaint pro se and moved for relief under Federal Rule of Civil Procedure 59, arguing that the judge had incorrectly assumed that the Department of Corrections learned about his armed-robbery warrant after his arrest. The judge denied that motion because the assumption was irrelevant: regardless of the timeline, the armed-robbery warrant rendered the arrest and pretrial detention lawful. Finally, the judge dismissed the proposed Eighth Amendment claim against Littlejohn because Willis had not alleged that Littlejohn wrongly calculated his release date with deliberate indifference.

On appeal, Willis first challenges the dismissal of his claim that due process required corrections officers to give him to an earlier hearing on his parole-revocation charge. We review *de novo* the judge's dismissal for failure to state a claim. *Alexander v. McKinney*, 692 F.3d 553, 555 (7th Cir. 2012). To comply with due-process rights, parole officials may not revoke parole without first providing a hearing to determine if a violation has occurred. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Willis's parole was revoked *after* a hearing, so the officials respected this due-process right.

Willis replies that due process entitled him to receive this hearing two years earlier—shortly after his arrest for armed robbery—because that is when he was charged with violating parole. But we rejected this theory in *Doyle v. Elsea*, 658 F.2d at 516. Doyle was a parolee who, like Willis, was arrested for a new crime and, based on that new crime, was also charged with violating his parole. Also like Willis, Doyle remained validly in custody until he was convicted for that new crime, at which point he received a parole-revocation hearing. *Id.* at 513–14. We ruled that Doyle's delayed hearing did not violate due process because he was validly incarcerated for the new crime during the time that his parole-violation charge was pending. *Id.* at 515–16. Willis, too, was validly in jail for armed robbery while he awaited his parole-revocation hearing because his criminal warrant for armed robbery justified his pretrial detention. *See Baker v. McCollan*, 443 U.S. 137, 143–44 (1979). Therefore, under *Doyle*, due process did not require that Willis receive an earlier parole-revocation hearing.

Willis next challenges the district judge's decision to dismiss his claim that the delay of his parole-revocation hearing violated state law, but this challenge also fails. Generally, when all federal claims are dismissed before trial, the district court should relinquish supplemental jurisdiction over state-law claims, unless (1) the statute of limitations has run; (2) the claim has already consumed substantial judicial resources; or (3) the resolution of the claim is obvious. *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008). Here, the resolution of this state-law claim was not clear (the court did not even analyze it), and he arguably had at least a year from the district court's dismissal to sue in state court, *see* 735 IL. COMP. STAT. 5/13–217; *Davis*, 534 F.3d at 654. We are mindful that the judge wrote that she "lacks" jurisdiction over this state-law claim and then dismissed it *with* prejudice. We read this as the judge properly exercising her discretion to relinquish supplemental jurisdiction. Thus, the dismissal of this state-law claim should have been without prejudice, and we modify the judgment on this claim accordingly.

Willis next argues, incorrectly, that the district court wrongly dismissed his claim against Littlejohn for miscalculating his release date. To state a claim under the Eighth Amendment against an official who allegedly incarcerated an inmate beyond the proper release date, a plaintiff must allege that the official knew or recklessly disregarded the correct release date. *See Werner v. Wall*, 836 F.3d 751, 760 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 2213 (2017); *Figgs v. Dawson*, 829 F.3d 895, 902–03 (7th Cir. 2016). But Willis never alleged this state of mind, even after he amended his complaint and even though the Federal Rules permit plaintiffs to allege states of mind generally. *See* FED. R. CIV. P. 9(b).

Willis also contends that the district judge improperly construed his Rule 59 motion as a motion for "reconsideration." But he does not articulate any prejudice that occurred from this relabeling of his motion, and we review rulings on both types of motions for abuse of discretion, *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). The judge did not abuse her discretion in denying the motion; she correctly concluded that, regardless of when the Department of Corrections learned about Willis's armed-robbery warrant, the existence of that warrant meant that Willis was validly arrested and detained. *See Cook v. O'Neill*, 803 F.3d 296, 300-01 (7th Cir. 2015).

Finally, Willis argues that the district judge abused her discretion when she recruited counsel who was not an expert in criminal procedure. But plaintiffs do not have a right to recruited counsel in federal civil litigation, *see Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), and it follows that without a right to recruited counsel, there can

be no right to counsel with a certain substantive expertise. What is more, recruited counsel is an agent of the client, not of the court, *see Fuery v. City of Chicago*, 900 F.3d 450, 467 (7th Cir. 2018); *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (collecting cases), and the judge is not responsible for monitoring how expertly counsel handles the case. Therefore, the judge did not abuse her discretion in recruiting Willis's counsel.

AFFIRMED AS MODIFIED.